Nos. 10,898, 10,899, 10,900.

ORTIZ ET AL. v. WARSHAUER-MCCLURE SHEEP CO.

Decided November 10, 1924.

Action for wool sold and delivered.  Judgment for defendant.

*Affirmed.*

1. APPEAL AND ERROR—*Verdict—New Trial.*  Affidavits of jurymen that they had in fact found for plaintiff, instead of for defendant as returned in the verdict, held insufficient in the light of surrounding facts and circumstances, to show that the verdicts were not intended as returned.

*Error to the District Court of Conejos County, Hon. Jesse C. Wiley, Judge.*

Mr. JAMES PILCHER, Mr. CHARLES H. WOODARD, for plaintiffs in error.

Mr. RALPH L. CARR, for defendant in error.

MR. JUSTICE BURKE, sitting for MR. JUSTICE SHEAFOR, delivered the opinion of the court.

THESE parties appear here in the same order as in the trial court and for convenience we designate them as there. Fred Ortiz, Jr. sued defendant for $87.45 as purchase price of wool sold and delivered.  Frank Ortiz brought a like action for $136.95 and Frank Sanchez and Juan Sanchez, as copartners, brought a like action for $895.62, less $75.00 receipt of which the firm admitted.

In each case defendant's answer was substantially the same and was to the effect that it contracted with one Ferdinando Sanchez for all the wool in question, which was to be delivered "in good merchantable condition, well and honestly packed," and advanced $75.00 thereon; that the wool delivered did not meet said conditions and had been fraudulently salted; and that by reason of said default and

fraud defendant had lost business and profit; wherefore it demanded $1000 actual damages and $1000 exemplary damages from each plaintiff. The allegations of each answer were denied generally by replication. The cases were consolidated below and tried as one and they are so presented here.

In the Fred Ortiz, Jr. case the verdict read: "We, the jury, find the issues for the defendant and assess its actual damages at $15.90 in excess of the value of the wool at the time of delivery.

We further find that defendant is entitled to exemplary damages in the sum of $8.25."

In the Frank Ortiz case the verdict was in the same form for $24.90 actual, and $16.50 exemplary, damages. In the Sanchez case the verdict was in the same form for $162.84 actual, and $90.75 exemplary, damages.

It was admitted on oral argument that forms of verdicts covering every finding permissible to the jury were submitted to it by the trial court.

Motions for new trial having been overruled judgment was entered on the verdict in each case. To review those judgments plaintiffs prosecute this writ.

The principal ground of the motions for new trial was that the jury had in fact found for the plaintiff in each case and had intended the verdicts to so read. The motions were supported by affidavits of each juror to that effect. Most of the oral argument was devoted to the action of the trial court in refusing to set aside the verdicts on that ground and no other alleged error requires consideration.

For the purposes of this opinion we assume, but do not decide, that this question is properly raised by the record and that, as here presented, it does not fall within the rule against the impeachment of verdicts.

If these affidavits be taken as true then these jurors not only inadvertently used the word "defendant" in each verdict instead of the word "plaintiff", but from the numerous forms of verdicts submitted they carefully selected in each case the one which fitted a finding for the defendant. It

is difficult to believe that the language, "*its* actual damages," as used in each verdict, aroused no suspicion in the mind of any juror that it referred to a company and not an individual. The wool in question had been retained by, and at the time of the trial was in the possession of, the defendant. Its value was a matter of serious dispute in the evidence. No intelligible verdicts for plaintiffs could have been returned without a finding as to this value, whereas the language "in excess of the value of the wool at the time of delivery" was a perfectly proper expression in a verdict for the defendant. Moreover, plaintiffs did not ask for exemplary damages, established no right thereto by their evidence, and were entitled to none under the court's instructions. Defendant, on the other hand, demanded such damages from each plaintiff, introduced evidence in support of that demand, and the court properly instructed the jury that upon the finding by it of the required facts such damages could be awarded. These verdicts as they stand imply no inconsistency and no illegality and they are amply supported by the evidence. We are asked to believe that they do not represent the actual finding, or the true intention, of the jurors, and that in lieu thereof it was the intention to return verdicts inconsistent, unsupported, and contrary to the instructions. The court's credulity is not sufficient to enable it to accept the contention that these jurors intended to return preposterous, rather than consistent, verdicts, and a well established rule of law closes our ears to the contention that they intended to return illegal verdicts.

The judgments are affirmed.

MR. JUSTICE ALLEN sitting as chief justice, and MR. JUSTICE CAMPBELL concur.